THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
MARCELINO DÁVILA DÍAZ, Defendant and Appellant.

No. 7036.  Argued May 13, 1938.—Decided May 25, 1938.

*Antonio L. López* for appellant.  *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Marcelino Dávila Díaz was twice convicted—first in a municipal court and later, after a trial *de novo,* in a district court—of abandonment and neglect of a child.

The first assignment is that the district court erred in holding that the complaint stated an offense. The charge was that defendant illegally, voluntarily, and maliciously— and with the criminal intent of abandoning the child, Marcelino Dávila Torres—failed to furnish him with food, medicine, and clothing, etc. Section 263 of the Penal Code provides that every parent ''who wilfully omits, without lawful excuse, to perform any duty imposed on him by law or to furnish necessary food, clothing or medical attendance to'' any of the children specified therein shall be guilty of a misdemeanor. Defendant's objection to the complaint was that it did not charge that the neglect had been ''without lawful excuse.'' The charge that the neglect was illegal, voluntary, malicious and with criminal intent of abandonment, made it sufficiently clear to any person of ordinary understanding that the conduct so imputed to defendant was ''without lawful excuse.''

The second assignment is that the district court erred in overruling a motion for acquittal made on the ground of insufficient evidence at the close of the testimony for the prosecution. When the prosecuting witness finished her testimony the district judge, apparently satisfied, asked the district attorney if the rest of his evidence was cumulative. He said that it was, and rested. Defendant then moved for an acquittal. The testimcny of the prosecuting witness, if true, sufficed to establish a *prima facie* case.

The third assignment is that the district court erred in weighing the evidence as a whole, and in finding defendant guilty. We find no such manifest error as to require a reversal.

The judgment appealed from must be affirmed.